IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RAULAND J. GRUBE, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-01-357-S-BLW |
| | ) | |
| vs. | ) | **ORDER RE: STAY** |
| | ) | **PENDING APPEAL** |
| RANDY BLADES, and the Attorney | ) | |
| General of the State of Idaho, ALAN G. | ) | |
| LANCE, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the Court is Respondent's Motion to Stay (Docket No.115). Respondent requests a stay of the Memorandum Order and Judgment of February 6, 2006. The Order requires the State to release or retry Petitioner Rauland Grube ("Grube") by March 6, 2006. Having reviewed the Motion, Response, and supporting documents, the Court enters the following Order granting in part and denying in part the Motion for Stay.

A.  STANDARD OF LAW

Federal Rule of Appellate Procedure 23(c) provides that, during the appeal of the grant of a habeas corpus petition, "the prisoner must – unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." The United States Supreme Court has held that Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770,

**ORDER RE: STAY PENDING APPEAL  1**

776 (1987).  In *Hilton*, the Court noted four factors for federal courts to consider in determining whether release is appropriate:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id*. at 776.

The Court has the option of releasing the prisoner but staying the retrial provision of the Order pending appeal.  *See Franklin v. Duncan*, 891 F.Supp. 516 (D. Ca. 1995).

**B.    DISCUSSION**

Reviewing the factors specified in *Hilton* as applied to Grube's case, the Court finds and concludes as follows.  First, Respondents have not made a strong showing that they are likely to succeed on the merits of the appeal.  *See Amended Memorandum Order*, dated February 6, 2006 (Docket No. 113).  The Court notes that the trend in the Ninth Circuit appears to be toward a broadening of the conditions under which *Brady* violations can be found.  Second, Respondents have made no showing that they will be irreparably injured absent a stay, provided that the State is given an opportunity to choose whether to retry Grube if he prevails on appeal.  Third, issuance of the stay will substantially injure Grube, who has already been imprisoned for 15 years.  Fourth, the public interest does not lie in favor of keeping Grube imprisoned in light of the conclusion that his constitutional rights were violated.  In addition, Grube had no prior criminal record before his arrest.  Grube has been a model prisoner, having had only one Disciplinary Offense Report that

**ORDER RE: STAY PENDING APPEAL  2**

was dismissed and having completed many rehabilitative programs offered at the prison.

In cases where there is overwhelming evidence of guilt of a dangerous crime, the public interest weighs in favor of keeping the petitioner incarcerated. *Hernandez v. Dugger*, 839 F.Supp 849, 851 & 851 n.2 (D. Fla. 1993); *see also Walberg v. Israel*, 776 F2d 134, 136 (7th Cir. 1985) (pre-*Hilton* case). The Court does not agree that such is the case with Grube. Here, the type of expert ballistics opinion that played a major role in Grube's conviction has now been disavowed by the FBI as invalid. In addition, former Police Chief Sebek – who would be an important witness regarding the police log alterations – is now a convicted felon serving time in state prison for an unrelated crime.

Respondents also argue that because Grube was denied bond during the pretrial stages of this case, he should be denied bond now. Respondents have not provided any specific details upon which the state courts relied to deny Grube bond over 15 years ago. This factor, alone, is not enough to deny Grube bond because the other *Hilton* factors weigh heavily in his favor, but it is a factor the Court shall consider in setting the amount and conditions of bond. *See Franklin v. Duncan*, 891 F.Supp. 516, 521-22 (D. Ca. 1995).[1] The Court believes it can fashion an order that will protect the State's right to a retrial if Petitioner prevails on appeal, protect Grube's right to be free from an imprisonment tainted by a constitutional violation, and protect the public.

Accordingly, based on the foregoing factors, the Court shall grant the portion of

---

[1] The Court notes that if the bond is *too* high, as it appears in *Franklin*, it vitiates the finding that the other *Hilton* factors warrant release.

**ORDER RE: STAY PENDING APPEAL  3**

Respondent's Motion to Stay regarding the provision of the Order requiring the State to retry Petitioner by March 6, 2006.  Rather, the State shall have ninety days in which to retry Petitioner if the Court of Appeals affirms the Court's decision to grant Petitioner's Petition for Writ of Habeas Corpus.  If Grube is released on bond and the Court of Appeals vacates the Court's decision, then Grube shall report to the Idaho Maximum Security Institution for intake within 48 hours of the Court of Appeals' decision.

Grube shall be entitled to release pending the decision of the Court of Appeals if he can post a bond in the amount of $250,000 and agree to follow the conditions of release to be set by this Court, which may include supervision, and which will include, but not be limited to, the following: (1) Grube must reside at the home of his father, Rulon Grube, or the home of his brother, John Grube; (2) Grube shall not leave the state of Idaho; (3) Grube shall not initiate any contact with the family of Amy Hossner; (4) no firearms shall be kept in the household where Grube resides; (5) Grube shall not handle or use any firearms; and (6) Grube shall not use alcohol or illegal drugs.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that  Respondent's Motion to Stay (Docket No.115) is GRANTED in part and DENIED in part.  The portion of Respondent's Motion to Stay regarding the provision of the Order requiring the State to retry Petitioner by March 6, 2006, is GRANTED.  The State shall have ninety days in which to retry Petitioner if the Court of Appeals affirms the Court's decision to grant Petitioner's Petition for Writ of Habeas Corpus.

**ORDER RE: STAY PENDING APPEAL  4**

IT IS FURTHER HEREBY ORDERED that if Grube is able to post the bond, his counsel shall contact the Court's deputy to have Grube sign an agreement setting forth the conditions of his release.

DATED: **February 28, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER RE: STAY PENDING APPEAL  5**